IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| GEORGE B. WILSON, | ) Civil Action No. 3:05-3614-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) |
| BENEDICT COLLEGE, | ) |
| Defendant. | ) **REPORT AND RECOMMENDATION** |

Plaintiff, George B. Wilson ("Wilson"), filed this action on December 30, 2005.[1] Defendant, Benedict College ("Benedict"), filed a motion to dismiss on February 14, 2006. Wilson, because he is proceeding pro se, was advised on February 16, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion to dismiss could result in the dismissal of his complaint. Wilson filed a response on March 20, 2006; Benedict filed a reply on March 28, 2006; and Wilson filed a reply on April 10, 2006.

STANDARD FOR MOTION TO DISMISS

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Revene v. Charles County Comm'rs, 882 F.2d 870, 872. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

complaint in a light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130 (1993), cert. denied, American Home Products Corp. v. Mylan Labs., Inc., 510 U.S. 1197 (1994); see also Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). A pro se complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Haines v. Kerner, 404 U.S. 519 (1972). When, however, it appears to the court that the plaintiff has totally failed to state a claim which would entitle him to relief, a defendant is entitled to have its motion to dismiss granted. Fed. R. Civ. P. 12(b)(6).

## FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF

1. In Spring 2003, Wilson was pursuing a degree in Criminal Justice at Benedict. He requested permission to take additional courses that semester to complete a second degree in Political Science. His request was approved and Wilson completed the semester.

2. Approximately one day prior to the May 2003 commencement exercises, Wilson was informed that he did not have all of the credit hours needed to complete his second degree.

3. During the summer of 2003, Wilson and his attorney at the time communicated with Benedict to determine the requirements for Wilson to complete his Political Science degree. Benedict concluded that Wilson needed to complete an additional fifteen credit hours.

4. In Fall 2003, Wilson returned to Benedict and completed the additional fifteen credit hours.

5. Wilson was slated to graduate in May 2004 and he intended to attend the commencement exercises at that time.

6.  In a letter dated April 27, 2004, Wilson was informed that he had a $3,606,85 balance with Benedict. He was told that he could attend commencement and receive his diploma cover, but could not receive his diploma until the outstanding fees were paid.

7.  Wilson disputed that he owed this amount to Benedict. He appears to have believed that this amount stemmed from the classes he took during the Fall 2003 semester. Wilson thought that he should not have had to pay these charges because he was incorrectly advised (during the Spring 2003 semester) of the requirements to receive a second degree.

8.  In June 2005, Benedict turned Wilson's account over to an outside agency for collection. The amount owed was increased twice by approximately 33 percent to a total of $6,396.15.

9.  In September 2005, Wilson filed an action in the Magistrate's Court for Richland County, South Carolina. He requested relief of $6,396.15, his transcript, and his Political Science degree.[2]

---

[2]In that complaint, Wilson alleged:

> Upon inquiry what [sic] would be required of me to obtain dual degrees in Criminal Justice and Political Science at the May 2003 Benedict College commencement exercises, I was instructed to obtain 21 credit hours in advised courses during the Spring of 2003 to secure dual degrees in Criminal Justice and Political Science at the May 2003 commencement exercises. Due to the number of credit hours being attempted this measure [sic] and the reason for the measure [sic] needed approval by the adviser, the department chair and associate dean. I was granted approval and I completed the 21 advised hours with a 3.7 GPA for the semester. However, I was denied dual degrees and informed a day prior to graduation. This was due to being mislead as to the number of credit hours needed for me to obtain dual degrees. I was not adequately informed of the number of credit hours needed to complete the dual degree requirements until I obtain [sic] a letter from an attorney requesting this information. Following receiving a reply letter stating that I needed 15 additional credit hours, I returned the Fall semester of 2003 and completed the additional 15 credit hours earning a 4.0 GPA for the semester. Upon attempting to obtain the necessary transcript and Political Science Degree for references to continue onto higher education, I was again denied these necessities and was then presented with
> (continued...)

10. In October 2005, Benedict discovered that Wilson's account had been increased by the agreed upon 33 percent[3] twice instead of once. Wilson's balance owed was reduced to the original amount plus 33 percent for a total of $4,797.11. See Memorandum from Brenda Walker to Taranne Roberts. Attachment to Plaintiff's Opposition Memorandum.

11. A bench trial was held on October 26, 2005 before the Honorable William Womble, Jr..[4]

12. At the trial, Monique Rickenbaker, a non-attorney who was the Assistant Director for Financial Services for Benedict, testified on behalf of Benedict. Materials presented

---

[2](...continued)
a bill in the amount of $3,606.85 to be paid in full before the transcript and Political Science Degree would be released. This is due to the ill-advisement, which incurred [sic] on behalf of the Benedict College Social Science Department. I was seen [sic] the Emergency room due to chest pains that was [sic] diagnosed as extreme stress of which I infer was brought on by the humiliation I suffered from be [sic] exploited by such an institution. There was an overwhelming need for me to fulfill my obligation to the more than 65 people attending and 100 people receiving invitation to my graduation stating that I would be receiving dual degrees. As of September 15, 2005[,] Williams and Fudge, Inc[.] notified me [] that this accounting matter has been turned over to them from Benedict College and the amount on this account has increased a whopping $2,790 from $3,606.85 to $6[,]396.15.
Attachment to Plaintiff's Opposition Memorandum.

[3]On September 22, 2003, Wilson signed an official registration form that included the statement:
I UNDERSTAND THAT I AM RESPONSIBLE, AND HEREBY PROMISE TO PAY FOR ANY CHARGES INCURRED BY ME ON MY ACCOUNT AT BENEDICT COLLEGE. ANY ADDITIONAL CHARGES WILL BE POSTED AS INCURRED. IF I SHOULD LEAVE AN OUTSTANDING BALANCE AT BENEDICT COLLEGE, MY ACCOUNT WILL BE REFERRED TO COLLECTIONS, AT A COST OF 33% AND ANY ATTORNEY FEES. THE COLLEGE WILL WITHHOLD GRADES AND TRANSCRIPTS AND REPORT MY ACCOUNT TO THE CREDIT BUREAU.
Attachment to Plaintiff's Opposition Memorandum.

[4]Wilson has submitted a rather unintelligible audiotape of the proceeding.

included: (1) Plaintiff's financial aid award offers from 2002-2004;[5] (2) a status report showing Plaintiff's balance as of June 30, 2005; (3) Plaintiff's official registration form from September 2003; and (4) letters from Benedict to Plaintiff explaining that his diploma would be withheld due to an outstanding balance.

13. Judge Womble found for Wilson (apparently concluding that the amount owed to Benedict was incurred due to poor advisement by Benedict employees) and ordered that Benedict either offset the amount owed ($4,797.11) or issue a check to Wilson to pay the amount owed and that Benedict issue Wilson's degree. Judgement was issued on November 28, 2005.

## DISCUSSION

Wilson appears to allege that Benedict made an unlawful disclosure of his William D. Ford Federal Student Loan[6] records in the South Carolina proceeding.[7] He writes:

---

[5] It appears that these records were submitted to establish the origin of the alleged debt to Benedict (that an earlier award of financial aid was allegedly determined to be above the maximum allowed) and the amount which Benedict was attempting to collect.

[6] "Under the William D. Ford Federal Direct Loan (Direct Loan) Program (formerly known as the Federal Direct Student Loan Program), the Secretary [of Education] makes loans to enable a student or parent to pay the costs of the student's attendance at a postsecondary school."  34 CFR § 685.208. The Secretary of Education makes loans available to students under the Federal Direct Stafford/Ford Loan Program (formerly known as the Federal Direct Stafford Loan Program) in which the Secretary subsidizes the interest while the borrower is in an in-school, grace, or deferment period and under the Federal Direct Unsubsidized Stafford/Ford Loan Program in which the borrower is responsible for the interest that accrues during any period. Id.

[7] The Civil Cover Sheet submitted with his Complaint, Plaintiff checked the "Nature of Suit" box under "Contract" for "Recovery of Defaulted Student Loans." His "Demand" is $1,553,309.05. It is unclear how Plaintiff could recover from Benedict for any defaulted student loan, as it appears that any student loans were issued to Wilson by a government agency or Benedict, not that Benedict or a government agency borrowed funds from Wilson.

5

> My claim to this court is that Benedict College made an unlawful disclosure of my William D. Ford Federal Student Loan Records. In the Richland County Magistrate Court at 2712 Middleburg Drive, Suite 106, Columbia, South Carolina on October 26, 2005[,] Chief Judge W. H. Womble, Jr. heard civil case number 2005cv401102428, which involved Benedict College [and] George B. Wilson []. My claim to the magistrate court was that Benedict College breached a written agreement enabling me to receive dual degree in both Criminal Justic[e] and Political Science at the May 2003 Commencement exercise. Due to the breach of this agreement I incurred an account with Benedict College with an outstanding amount of $3,606.85 for returning to complete an additional 15 credit hours to obtain both degrees. This account was inflated and turned over to William & Fudge Inc. Collection agency from Benedict College. This account increased to $6,396.15. This increase in the amount was also a factor, brought to the attention of the court considering accounts sent to collection agencies from Benedict College are only to increase 33% according to promissory notes. However, this amount was reduced to $4,797.11 prior to the court date following Benedict College's notification of this claims. Chief Magistrate W. H. Womble, Jr. issued a judgment in the amount of $4,797.11 to satisfy the outstanding account with Williams & Fudge Inc. In an answer to my claim[,] Benedict College disclosed my entire William D. Ford Federal Student Loan Records to the court, and disclosed a portion pretaining [sic] to the addition [sic] semester I attended to complete the additional 15 credit hours to acquire both degrees in and [sic] oral statement to the Judge, before the court when the case was being heard.

Complaint at 3-4. Benedict contends that its motion to dismiss should be granted because: (1) this Court lacks subject matter jurisdiction as Wilson failed to allege a justiciable cause of action; (2) this Court lacks diversity jurisdiction as the parties are both citizens of South Carolina; and (3) Plaintiff fails to state a claim upon which relief can be granted.

    A.    <u>Federal Question</u>

Benedict contends that this action should be dismissed for lack of subject matter jurisdiction as Wilson failed to allege a justiciable cause of action. Benedict argues that although Plaintiff complains of disclosures that came from a federal student loan application, he has not established a cause of action created by federal law. Further, Benedict appears to argue that even

6

if it is inferred that Wilson is claiming a violation of The Privacy Act of 1974, 5 U.S.C. 552a, he has not shown that he has a private cause of action under the Privacy Act.[8]

This court exercises original jurisdiction over cases presenting questions of federal law. See 28 U.S.C. § 1331.  In determining the existence of federal question jurisdiction, courts must look at what is "presented on the face of a plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Wilson has not cited a basis for federal question jurisdiction.  Reading his complaint liberally, however, he may be attempting to assert a claim under the Privacy Act.  The Privacy Act provides in pertinent part that "[n]o agency shall disclose any record which is contained in a system of records...except pursuant to a written request by, or with the prior consent of, the individual to whom the record pertains, unless disclosure of the record would be...(2) required under section 552 of this title [FOIA]." 5 U.S.C. § 552a(b)(2). "The Privacy Act was passed in 1974 to protect the privacy of individuals identified in government information systems by regulating the collection, maintenance, use and dissemination of personal information and prohibiting unnecessary and excessive exchange of such information within the government and to outside individuals." Cochran v. United States, 770 F.2d 949, 954 (11th Cir.1985).  The Privacy Act was enacted in large part in response to concern over the impact of computer data banks on individual privacy. United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 766 (1989).

---

[8]The application for a William D. Ford Federal Direct Loan contains a Privacy Act statement. See Attachment to Plaintiff's Opposition Memorandum.

Here, Wilson cannot show that Benedict is an "agency" under the Privacy Act. The Privacy Act adopts the Freedom of Information Act's ("FOIA") definition of agency by referring to 5 U.S.C. § 552(e) of the FOIA. 5 U.S.C. 552a(a)(1). An agency is defined to include:

> any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

5 U.S.C. § 552(f).[9] The FOIA in turn incorporates the "agency" definition found in the Administrative Procedure Act ("APA"), 5 U.S.C. § 551(1), which, defines "agency" as "each authority of the Government of the United States...." 5 U.S.C. § 551(1). Wilson cannot show that Benedict is an "agency" as defined by the Privacy Act. See Krebs v. Rutgers, 797 F. Supp. 1246 (D.N.J. 1992)(finding that Rutgers University, a state university, was not subject to the Privacy Act, as it was not an "agency" as defined by the Privacy Act).[10]

---

[9] In 1986, former subsection (e) was redesignated as (f). Pub.L. No. 99-570, § 1802(b). Thus, the intended definition of agency is now located at 5 U.S.C. § 552(f).

[10] Wilson may also be attempting to assert his claim under the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, or the Higher Education Act, of 1965 (the "HEA"), 20 U.S.C. § 1001 et seq. He, however, has not shown that he has a private cause of action under these statutes. The Supreme Court has held that the nondisclosure provisions of FERPA "create no rights enforceable under § 1983." Gonzaga Univ. v. Doe, 536 U.S. 273, 290-91 (2002). A number of courts of appeals have held that the HEA does not create a private right of action. See Labickas v. Arkansas State University, 78 F.3d 333 (8th Cir.1996); Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484-85 (9th Cir.1995); L'ggrke v. Benkula, 966 F.2d 1346 (10th Cir.1992); see also Slovinec v. DePaul University, 332 F.3d 1068 (7th Cir. 2003); College Loan Corp. v. SLM Corporation, a Delaware Corp., 396 F.3d 588 (4th Cir. 2005)(recognizing that courts have consistently found no private cause of action under the HEA, but finding that lender could utilize a competitor's alleged violations of the HEA to establish its state law claims); State of West Virginia ex rel. Miller v. Secretary of Educ.,1993 WL 545730 (S.D.W.Va. Sept. 30, 1993)(unpublished).

In his opposition memorandum and reply, Wilson disputes what information from his financial aid file was revealed in the Richland County Magistrate Court proceedings. He also claims that these disclosures were not relevant and necessary to the litigation. It is not necessary to reach this question, however, as Wilson has not even addressed Benedict's contention that he has not shown that he has a justiciable cause of action. As discussed above, Wilson cannot show that he has a private cause of action for damages against Benedict under the Privacy Act.

B.     Diversity

Wilson may also be attempting to allege claims under South Carolina law for breach of contract,[11] defamation, and/or breach of privacy. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000.00. Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Since Wilson and Benedict are residents of the State of South Carolina, complete diversity of parties is lacking.

---

[11]Although Plaintiff checked a Nature of Suit under "Contract," he has not identified any contract between the parties that he alleges was breached. To the extent that he is claiming a breach of the alleged Spring 2003 agreement for him to receive dual degrees in May 2003, this Court lacks jurisdiction over that claim as it was already litigated in the Richland County Magistrate Court proceeding. The Rooker-Feldman doctrine (see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)) limits district court review of state court civil decisions. Further, the Rooker-Feldman doctrine establishes that federal district courts lack jurisdiction to hear constitutional claims that have been adjudicated by a state court or that are "inextricably intertwined with the merits of a state court judgment." See Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997); see also Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997).

9

C.	State Law Claims

Plaintiff appears to allege claims under South Carolina law as discussed above. The Court should decline jurisdiction over any pendent state law claims. See 28 U.S.C § 1367(c).

CONCLUSION

Based on the foregoing, it is recommended that Defendant's motion to dismiss (Doc. 8) be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

July 28, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

10

Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
&
The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

11