IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| George B. Wilson, ) | C/A No.: 3:05-3614-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER DISMISSING ACTION** |
| ) | |
| Benedict College, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The plaintiff, George B. Wilson, initiated this action *pro se* against Benedict College, the institution of higher education from which he received Bachelor's degrees in both Criminal Justice and Political Science. As the Magistrate Judge indicates in his Report, this

1

dispute centers around a hearing in state magistrate's court at which the defendant disclosed the contents of plaintiff's William D. Ford Federal Student Loan.

The hearing before the state magistrate arose when Benedict sought to collect $3,606.85 it contended was due from Wilson at graduation. The dispute over this balance had arisen when Wilson—who believed that he was properly earning two degrees and would graduate in May 2003—eventually learned that he did not have all the credit hours to complete his second degree at that time. Wilson was then required to take an additional 15 credit hours to complete the degree. He contended that it was the fault of Benedict College that he was required to take these additional courses and he refused to pay the sum demanded by Benedict.

When Benedict turned Wilson's account over to an outside collection agency, Wilson initiated an action in state magistrate's court and was ultimately successful in obtaining a ruling from that court that he did not owe any additional sums to Benedict College because the College had poorly advised Wilson regarding his graduation requirements. Benedict was also ordered to award Wilson his degrees. As indicated earlier, during the course of the trial before the state magistrate, Wilson's student loan information was disclosed.

Wilson thereafter initiated this action in federal court seeking to recover damages totaling over $1.5 million. Before the United States Magistrate Judge, the defendant moved to dismiss.

The Magistrate Judge has filed a detailed and comprehensive Report and Recommendation, suggesting that the defendant's motion to dismiss should be granted for

2

several reasons. First, the Magistrate Judge is of the opinion that this court lacks subject matter jurisdiction. Although the plaintiff complains of disclosures of information that came from a federal student loan application, the Magistrate Judge suggests that there is no cause of action created by federal law for violation of the applicable statute. Even giving his complaint a liberal reading, and assuming that Wilson is attempting to assert a claim under the Privacy Act, the action must also fail because Wilson cannot show that Benedict is an "agency" under the Privacy Act.

As he did before the Magistrate Judge, Wilson responds to this position by simply suggesting that his records were improperly disclosed. Wilson does not make any attempt to explain the basis for federal jurisdiction in this court. He argues, without citation to authority, as follows: "Henceforth, I content [sic] that Benedict as a party to this contract, failure [sic] to comply with their fiduciary responsibilities regarding Section (3) in the Student's Certificate, creates a cause of action created by federal law and as a basis for federal question jurisdiction."

Because Wilson cannot show any basis for federal jurisdiction in this matter, the court agrees with the Magistrate Judge that the action should be dismissed for this reason.

The Magistrate Judge also suggests that to the extent the plaintiff can be said to allege a claim under South Carolina law for breach of contract, defamation, or breach of fiduciary duty, complete diversity is lacking in this case because the plaintiff and the defendant are both residents of South Carolina. Moreover, to the extent the plaintiff asserts any state law claims, the Magistrate Judge suggests that the court decline to exercise jurisdiction over these

3

claims. Wilson has not responded to this portion of the Report and Recommendation in his objection memorandum.

After carefully considering the Report and Recommendation, the applicable law, and the record in this case, together with the plaintiff's objections to the Report and Recommendation, the court concludes that the Magistrate Judge's recommended disposition is correct and the Report is incorporated herein. Accordingly, the defendant's motion to dismiss is granted and this action is hereby dismissed without prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

August 21, 2006
Columbia, South Carolina

4